# CORRECTED
# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT
_____

m 00-60892
Summary Calendar
_____


IN THE MATTER OF:
EVAN DOSS, JR.,

Debtor.


EVAN J. DOSS, JR.,

Appellant,


VERSUS


EILEEN SHAFFER BAILEY,

Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

January 18, 2002

Before JONES, SMITH, and
     EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Evan Doss, Jr., challenges a bankruptcy court order approving a settlement and payment of an administrative fee. We vacate the judgment of the district court and remand to the district court with direction to dismiss the appeal for want of standing.

I.

The Evan J. Doss, Jr. Corporation (the "Corporation") filed a chapter 7 bankruptcy; among the assets were an AM radio station and a construction permit for an FM station. The Corporation sold both stations with the approval of the bankruptcy court.

After the sales were completed, Eileen Bailey, the Corporation's bankruptcy trustee, filed an application for approval to pay a $400 fee to the FCC to facilitate the sale of the AM station. The trustee also filed a motion for approval of a settlement agreement among Leola Dickey, Doss's sister, the Ole Brook Broadcasting Co., and the trustee, under which Dickey agreed to drop her application to the FCC for a construction license for an FM station in exchange for a $3000 payment from Ole Brook, which sought to submit a rival bid for the same license. Doss objected to the payment of the fee and the agreement, but his claims were rejected by the bankruptcy court, whose decision was affirmed by the district court.

II.

"To have standing to appeal a bankruptcy order, a party must show that it was directly and adversely affected pecuniarily by the order, or that the order diminished its property, increased its burdens or impaired its rights." *In re Cajun Elec. Power Coop., Inc.*, 69 F.3d 746, 749 (5th Cir. 1995) (quotations omitted), *modified on rehearing on other grounds*, 74 F.3d 599 (5th Cir. 1996). According to the record, Doss is not a creditor, shareholder, or debtor of the Doss Corporation; when questioned by the bankruptcy judge, he was unable to specify whether he was an officer. Because there is no evidence that the bankruptcy court order has in any way harmed Doss or impaired his rights, he lacks standing to challenge it on appeal.

The judgment of the district court, affirming the decision of the bankruptcy court, is VACATED and REMANDED to the district court with instruction that the district court dismiss the appeal for want of standing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2